| | |
|---|---|
| **ADAMS COUNTY DISTRICT COURT, STATE OF COLORADO**<br>1100 Judicial Center Drive<br>Brighton, CO 80601 | DATE FILED: November 12, 2021 10:37 AM<br>FILING ID: BA01287691A62<br>CASE NUMBER: 2021CV31283 |
| Plaintiff(s):   **NELLY LOPEZ,**<br><br>v.<br><br>Defendant(s):  **LOWE'S HOME CENTERS L.L.C., d.b.a. LOWE'S HOME IMPROVEMENT, d.b.a. LOWE'S #2432, and d.b.a. N. WESTMINSTER LOWE'S, and LOWE'S COMPANIES, INC.** | ▲ Court Use Only ▲ |
| *Attorney for Plaintiff:*<br><br>Heidi A. Tanner, Esq., #52115<br>**THE PAUL WILKINSON LAW FIRM, LLC**<br>999 Jasmine Street<br>Denver, Colorado 80220<br>Telephone:   (303) 333-7285<br>Facsimile:    (303) 756-1878 | Case No.:<br><br>Div./Ctrm.: |
| **COMPLAINT** | |

COMES NOW Plaintiff Nelly Lopez, by and through her attorneys , the Paul Wilkinson Law Firm, LLC, and brings this Complaint against Defendants, Lowe's Home Centers, L.L.C., d.b.a. Lowe's Home Improvement, d.b.a. Lowe's #2432, and d.b.a. N. Westminster Lowe's, and Lowe's Companies, Inc.  As grounds, Plaintiff states, avers and alleges as follows:

### INTRODUCTION

1. Plaintiff Nelly Lopez ("Plaintiff") seeks compensatory damages resulting from injuries arising under the Premises Liability Statute and Negligence.

2. On or about March 30, 2020, Plaintiff was a customer at the Defendant's Lowe's Home Centers, L.L.C., d.b.a. Lowe's Home Improvement, d.b.a. Lowe's #2432, and d.b.a. N. Westminster Lowe's, and Lowe's Companies, Inc. (hereinafter referred to as "Defendants") store located at 13650 Orchard Parkway, Westminster, Colorado ("The Property").

3. As a direct and proximate result of the subject incident, on or about March 30, 2020, Plaintiff suffered economic damages, non-economic damages, physical impairment, and disfigurement as described herein.

4. The Property is owned, controlled, occupied, maintained, and managed by Defendants.

5. The Property is a warehouse style store/retailer.

## PERSONAL JURISDICTION

6. Pursuant to C.R.S. § 13-1-124 (West 2020), this Court has personal jurisdiction over the parties to this action as the alleged incident occurred on The Property owned, controlled, occupied, maintained, and/or managed by Defendants in Colorado.

## SUBJECT MATTER JURISDICTION

7. Pursuant to C.R.S.A. Const. Art. 6 § 9 (West 2020), this Court has subject matter jurisdiction over this action because it involves a civil matter, and in the amount in controversy exceeds $25,000.00.

## VENUE

8. Pursuant to C.R.C.P. 89 (c) (West 2020), venue is proper in Adams County District Court because Defendants conduct systematic and continuous business in Adams County, Colorado.

## GENERAL ALLEGATIONS

9. At all times material hereto, Plaintiff was a resident of the City of Thornton, County of Adams, and State of Colorado.

10. At all times material hereto, Defendants owned The Property.

11. At all times material hereto, Defendants controlled The Property.

12. At all times material hereto, Defendants occupied The Property.

13. At all times material hereto, Defendants maintained The Property.

14. At all times material hereto, Defendants managed The Property.

15. At all times material hereto, Lowe's Home Centers., L.L.C. was a North Carolina corporation, licensed to conduct business in the State of Colorado.

16. At all times material hereto, Lowe's Home Centers, L.L.C.'s principal office street address was 1000 Lowes Blvd., Mooresville, North Carolina 28117.

17. At all times relevant hereto, Lowe's Home Centers, L.L.C. was registered with the Colorado Secretary of State.

18.     At all times relevant hereto, Lowe's Home Centers L.L.C.'s registered agent was the Corporation Service Company, located at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

19.     At all times material hereto, Lowe's Home Centers, L.L.C. conducted business in the County of Adams, and State of Colorado.

20.     At all times material hereto, Lowe's Home Improvement was a trade name of Lowe's Home Centers, L.L.C.

21.     At all times material hereto, Lowe's #2432 was a trade name of Lowe's Home Centers, L.L.C.

22.     At all times material hereto, N. Westminster Lowe's was a trade name of Lowe's Home Centers, L.L.C.

23.     At all times material hereto, Lowe's Companies, Inc. was a North Carolina corporation, licensed to conduct business in the State of Colorado.

24.     At all times material hereto, Lowe's Companies, Inc.'s principal office street address was 1000 Lowes Blvd., Mooresville, North Carolina 28117.

25.     At all times relevant hereto, Lowe's Companies, Inc.'s registered agent was the Corporation Service Company, located at 327 Hillsborough St., Raleigh, North Carolina 27603.

26.     At all times material hereto, Lowe's Companies, Inc. conducted business in the County of Adams, and State of Colorado.

27.     In Colorado, a landowner has a non-delegable duty to protect invitees from unsafe conditions on its premises.

28.     In Colorado, a landowner has a non-delegable duty to protect licensees from unsafe conditions on its premises.

29.     In Colorado, a landowner is deemed to have constructive knowledge of unsafe conditions on its premises and is vicariously liable for injuries resulting therefrom.

30.     On or about March 30, 2020, Plaintiff was injured while on The Property.

31.     At that time and place Plaintiff was in an area of The Property where the Defendants encouraged its customers to be in order to sell to its customers, including Plaintiff, merchandise.

32.     At that time and place Plaintiff was with her husband and daughter attempting to purchase merchandise in the Lowe's store.

33. At that time and place while Plaintiff's husband was standing to her right and looking at cabinets, a boxed cabinet from the 6th shelf from the floor, the "sky level" shelf, fell landing on Plaintiff.

34. At that time and place, the boxed cabinets were negligently stocked, stored, and/or displayed in a warehouse fashion, high stacking, absent shrink wrap binding them to a pallet, barriers, roping, restraining devices, or other means of securement and/or stabilization.

35. At that time and place, the boxed cabinets had been destabilized.

36. At that time and place, the boxed cabinet fell and collided with Plaintiff as direct and proximate result of the acts, or failure to act, by the negligence of the Defendants.

37. At that time and place, Plaintiff suffered severe injuries, economic damages, non-economic damages, physical impairment, and disfigurement as a result of the falling boxed cabinet at The Property.

38. On or about that time, Plaintiff was using reasonable care for her own safety.

39. On or about that time, Defendants failed to provide a safe environment on The Property.

40. On or about that time, Defendants failed to reasonably inspect, maintain, and control The Property.

41. On or about that time, Defendants failed to correct, eliminate, and warn of hazardous conditions on The Property.

42. On or about that time, there were no signs warning of the dangerous condition that existed on The Property.

43. Plaintiff is entitled to compensation for her injuries, damages, and losses for the remainder of her life.

## FIRST CLAIM FOR RELIEF
**(Premises Liability)**

44. Plaintiff incorporates the above and below paragraphs herein by reference.

45. At all times material hereto, Plaintiff was shopping at The Property in Westminster, Colorado during normal business hours and in a location at the The Property which was open to the general public.

46. Defendants were legally responsible for the activities conducted or circumstances that existed on The Property at the time of the incident.

47. Defendants were landowners of The Property at the time of the incident pursuant to C.R.S. § 13-21-115(1) (West 2020).

48. On March 30, 2020, Plaintiff was a licensee to The Property owned, managed, and/or maintained by Defendants, defined in C.R.S. § 13-21-115 (5) (b) (West 2020) as a person who enters or remains on the land of another for the licensee's own convenience or to advance her own interests, pursuant to the landowner's permission or consent.

49. According to C.R.S. §13-21-115 (3)(b)(I)-(II) (West 2020), a licensee may recover for damages caused "…[b]y the landowner's unreasonable failure to exercise reasonable care with respect to dangers created by the landowner or which the landowner actually knew; or [b]y the landowner's unreasonable failure to warn of dangers not created by the landowner which are not ordinarily present on property of the type involved and of which the landowner actually knew."

50. On March 30, 2020, Plaintiff was an invitee on The Property owned, controlled, occupied, managed, and/or maintained by Defendants.

51. An invitee is defined in C.R.S. § 13-21-115(5)(a) (West 2020) as a person who enters or remains on the land of another to transact business in which the parties are mutually interested, or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain.

52. An invitee is defined in C.R.S. § 13-21-115(3)(c)(I) (West 2020), "an invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers or which the landowner actually knew or should have known."

53. As a landowner, Defendants owed certain duties to Plaintiff enumerated in C.R.S. § 13-21-115 (West 2020), including a duty to inspect, maintain, and control The Property so that hidden and/or latent conditions were rendered safe.

54. Additionally, Defendants owed Plaintiff a duty to correct hazardous conditions on The Property.

55. Additionally, Defendants owed Plaintiff a duty to eliminate hazardous conditions on The Property.

56. Additionally, Defendants owed Plaintiff a duty to warn of hazardous conditions on The Property.

57. Defendants failed to meet their duties relative to the hazardous conditions existing on The Property at the time of the incident.

58. Defendants failed to exercise reasonable care to protect against dangers of which they actually knew existed on The Property at the time of the incident.

59. Defendants failed to exercise reasonable care to protect against dangers of which they should have known existed on The Property at the time of the incident.

60. Defendants unreasonably failed to correct the hazardous condition to The Property (*i.e.,* boxed cabinets negligently stocked, stored, and/or displayed in a warehouse fashion, high stacking, absent shrink wrap binding them to a pallet, barriers, roping, restraining devices, or other means of securement and/or stabilization, which they actually knew or reasonably should have known existed on The Property at the time of the incident.

61. Defendants unreasonably failed to eliminate the hazardous condition to The Property (*i.e.,* boxed cabinets negligently stocked, stored, and/or displayed in a warehouse fashion, high stacking, absent shrink wrap binding them to a pallet, barriers, roping, or other means of securement and/or stabilization, which they actually knew or reasonably should have known existed on The Property at the time of the incident.

62. Defendants unreasonably failed to warn of the hazardous condition to The Property (*i.e.,* boxed cabinets negligently stocked, stored, and/or displayed in a warehouse fashion, high stacking, absent shrink wrap binding them to a pallet, barriers, roping, restraining devices, or other means of securement and/or stabilization, which they actually knew or reasonably should have known existed on The Property at the time of the incident.

63. As a direct, foreseeable, and proximate result of the Defendants' statutory failures, Plaintiff suffered and will suffer, including, but not limited to, the following injuries, damages, and losses:

   a. Serious bodily injury, including, but not limited to, right forearm, right shoulder, right ear, and right hand injuries;

   b. Past and future economic expenses, losses, and damages, including, but not limited to, medical and other health care and rehabilitation expenses related to Plaintiff's injuries, wage low, past and future loss of earnings, loss of earning capacity, and loss of time;

   c. Past and future non-economic expenses, losses, and damages, including, but not limited to, pain and suffering, inconvenience, emotional stress, anxiety, fatigue, loss of enjoyment of life, and impairment of quality of life; and

   d. Temporary and permanent physical impairment and disfigurement, injuries, and disabilities.

64. Additionally, as a direct, foreseeable, and proximate result of Defendants' statutory failures, Plaintiff has been rendered more vulnerable to subsequent injury.

65. Plaintiff's date of birth is March 28, 1979. At the time of the subject incident, she was 42 years old; as such, pursuant to C.R.S. § 13-25-102 (West 2020) *United States Census Bureau Mortality Table as Evidence,* on that date she had a life expectancy of 40.89 years.

66. Plaintiff is entitled to compensation for the remainder of her life.

## SECOND CLAIM FOR RELIEF
### (Negligence)

67. Plaintiff incorporates the above and below paragraphs herein by reference.

68. Defendants owed duties to Plaintiff to:

   a. Provide a safe environment on The Property;
   b. Exercise reasonable care in inspecting The Property;
   c. Exercise reasonable care in maintaining The Property;
   d. Exercise reasonable care in controlling The Property;
   e. Correct hazardous conditions on The Property;
   f. Eliminate hazardous conditions on The Property; and
   g. Warn of hazardous conditions on The Property.

69. Defendants breached the duties they owed to Plaintiff and were negligent and careless in the following respects:

   a. Failing to provide a safe environment on The Property;
   b. Failing to exercise reasonable care in inspecting The Property;
   c. Failing to exercise reasonable care in maintaining The Property;
   d. Failing to exercise reasonable care in controlling The Property;
   e. Failing to correct hazardous conditions on The Property;
   f. Failing to eliminate hazardous conditions on The Property; and
   g. Failing to warn of hazardous conditions on The Property.

70. As a direct and proximate result of Defendants destabilizing the boxed cabinets, stacking the boxed cabinets, failing to secure the boxed cabinets Plaintiff suffered personal injuries.

71. As a direct and proximate result of Defendants negligently stocking, storing, and/or displaying the boxed cabinets in a warehouse fashion, high stacking, absent shrink wrap binding them to a pallet, barriers, roping, or other means of securement and/or stabilization, Plaintiff suffered personal injuries.

72. As a direct, foreseeable, and proximate result of Defendant's statutory failures, Plaintiff suffered and will suffer including, but not limited to, the following injuries, damages, and losses:

   a. Serious bodily injury including, but not limited to, right forearm, right shoulder, right ear, and right hand injuries;

   b. Past and future economic expenses, losses, and damages including, but not limited to, medical and other health care and rehabilitation expenses related to Plaintiff's injuries, wage loss, past and future loss of earnings, loss of earning capacity, and loss of time;

c. Past and future non-economic expenses, losses, and damages including, but not limited to, pain and suffering, inconvenience, emotional stress, anxiety, fatigue, loss of enjoyment of life, and impairment of quality of life; and

d. Temporary and permanent physical impairment and disfigurement, injuries, and disabilities.

73. Additionally, as a direct, foreseeable, and proximate result of Defendants' statutory failures, Plaintiff has been rendered more vulnerable to subsequent injury.

74. On or about March 30, 2020, Defendants were 100 percent negligent, careless, and/or reckless in causing the incident.

75. Plaintiff's date of birth is March 28, 1979. At the time of the subject incident, she was 42 years old; as such, pursuant to C.R.S. § 13-25-102 (West 2020) *United States Census Bureau Mortality Table as Evidence,* on that date she had a life expectancy of 40.89 years.

76. Plaintiff is entitled to compensation for the remainder of her life.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment for her and against Defendants in an amount to fairly and reasonably compensate Plaintiff for her injuries, damages, and losses, including, but not limited to, economic damages, non-economic damages, physical impairment, and disfigurement, temporary and permanent physical injury, wage loss, past and future loss of earnings, loss of earning capacity, expert witness fees, statutory interest from the date of this cause of action or as otherwise permitted under Colorado laws, and for such other and further relief as this Court deems just and proper.

Dated this 12th day of November, 2021.

Respectfully submitted,
**THE PAUL WILKINSON LAW FIRM, LLC**

*This pleading was filed electronically pursuant to Rule 121, § 1-26. The original signed pleading is in counsel's file.*

BY: */s/ Heidi A. Tanner*
Heidi A. Tanner, Esq., #52115
*Attorney for Plainttt*

**Plaintiff's Address:**
16520 York Street
Thornton, Colorado 80602