IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-03487-PAB

NELLY LOPEZ,

    Plaintiff,

v.

LOWE'S HOME CENTERS L.L.C., d.b.a. LOWE'S HOME IMPROVEMENT, d.b.a. LOWE'S #2432, and d.b.a. N. WESTMINSTER LOWE'S, and
LOWE'S COMPANIES, INC.,

    Defendants.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on the Notice or Removal [Docket No. 1] filed by Lowe's Home Centers, LLC. Lowe's Home Centers, LLC asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 3, ¶ 12.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Lowe's Home Centers, LLC asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332.  Docket No. 1 at 3, ¶ 12.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Id*. at 1260.  While, at the pleading stage, the Court takes as true all "well-pled (that is, plausible, conclusory, and non-speculative) facts," *Dudnikov v. Chalk & Vermilion Fine Arts*, 514 F.3d 1063, 1070 (10th Cir. 2008), the allegations regarding the citizenship of both plaintiff and Lowe's Home Centers, LLC are not well-pled.

The citizenship of a limited liability company is determined, not by its state of

organization or principal place of business, but by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). The Notice of Removal states that Lowe's Companies, Inc. is Lowe's Home Centers, LLC's sole member. Docket No. 1 at 3-4, ¶ 14. A corporation is deemed to be a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Notice of Removal state that Lowe's Companies, Inc. is a "publicly traded North Carolina corporation," Docket No. 1 at 4, ¶ 14; however, the Notice does not identify Lowe's Companies, Inc.'s principal place of business. Because the citizenship of Lowe's Companies, Inc. is unclear, the Court cannot determine the citizenship of either Lowe's Home Centers, LLC or Lowe's Companies, Inc. *See Den 8888, LLC v. Navajo Express, Inc.*, No. 21-cv-00321-STV, 2021 WL 463623, at *3 (D. Colo. Feb. 9, 2021); *U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006)); *Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 768 (5th Cir. 2015) (unpublished) ("[W]e have observed that the appropriate tests for citizenship involve tracing [entities'] citizenships down the various organizational layers where necessary." (internal citation omitted)); *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case in which party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of

each member of an unincorporated entity); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well."); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] party must list the citizenships of all the members of the limited liability company."); *Prospect Funding Holdings, LLC v. Fennell*, 2015 WL 4477120, at *2 (S.D.N.Y. July 15, 2015) (collecting New York district court decisions holding that a limited liability company must "plead facts establishing their citizenship including, . . . the identity and citizenship of their members" in order to invoke diversity jurisdiction).

     As to plaintiff, the Notice of Removal states that plaintiff is a citizen of Colorado, and in support cites the state court complaint. Docket No. 1 at 3, ¶ 13. The state court complaint states merely that plaintiff "was a resident of the City of Thornton, County of Adams, and State of Colorado" during the relevant time period. Docket No. 5 at 2, ¶ 9. Residency, however, is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may

not be equated with 'citizenship' for the purposes of establishing diversity."). Courts are to consider the "totality of the circumstances" to determine a party's domicile. *Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014); *cf. Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices"). Voter registration is persuasive evidence of a person's citizenship because an individual registering to vote often must declare, under penalty of perjury, that he or she has been a resident of the state for a period of time before registration and that the address provided on the registration is the registrant's only place of residence. *See Searle v. CryoHeart Lab'ys, Inc.*, No. 20-cv-03830-PAB, 2021 WL 1589268, at *2–3 (D. Colo. Apr. 22, 2021) (describing Colorado voter registration requirements and explaining why voter registration and voting practices are strong evidence of citizenship).

Finally, it is unclear whether Lowe's Home Centers, LLC has complied with 28 U.S.C. § 1446. Section 1446 states that, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Lowe's Home Centers, LLC does not indicate whether Lowe's Companies, Inc. has been served or consents to removal. *See generally* Docket No. 1. Courts understand § 1446 to mean that "a petition filed by less than all the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants." *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D.Colo.1996); *see also Cornwall v. Robinson*, 654 F.2d 685,

686 (10th Cir. 1981) ("A co-defendant . . . did not join in the petition for removal and the petition was thus procedurally defective.").

A removal that does not comply with the express statutory requirements for removal "can fairly be said to render the removal 'defective' and justify a remand." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)); *see also Centura Health Corp. v. Agnew*, No. 18-cv-00569-RBJ, 2018 WL 3454976, at * 3 (D. Colo. July 18, 2018). Because removal is entirely a statutory right, the relevant procedures must be followed. *See Cohen v. Hoard*, 696 F. Supp. 564, 565 (D. Kan. 1988). Thus, "[t]he failure of all defendants to consent to removal will result in remand." *Padilla v. Am. Modern Home Ins. Co.*, 282 F. Supp. 3d 1234, 1254–55 (D.N.M. 2017). Additionally, the unanimity rule requires that, "[w]here there are multiple defendants, all defendants served at the time of filing must join in the notice of removal." *Vasquez v. Americano U.S.A., LLC*, 536 F. Supp. 2d 1253, 1257 (D.N.M. 2008) (citing *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)). Courts have also required that, to join a notice of removal, the support must be in writing. *See, e.g.*, *Roybal v. City of Albuquerque*, 2008 WL 5991063, at *2 (D.N.M. Sept. 24, 2008); *Henderson v. Holmes*, 920 F. Supp. 1184, 1186 (D. Kan. 1996). The lack of unanimous consent, however, is a procedural defect, not a jurisdictional defect. *See Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 F. App'x 752, 756 (10th Cir. 2004) (unpublished) (citing *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 580 (10th Cir. 1997)); *see also Sheet Metal Workers Int'l Ass'n v. Seay*, 693 F.2d 1000, 1005 n.8 (10th Cir. 1982).

Because the allegations regarding both plaintiff's and Lowe's Home Centers, LLC's citizenship are not well-pled, the Court is unable to determine the citizenship of either party and whether the Court has jurisdiction. *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)). Additionally, the Court is unable to determine whether Lowe's Home Centers, LLC has complied with the removal procedures because it has not indicated if Lowe's Companies, Inc. has been served and, if so, whether Lowe's Companies, Inc. consents to removal. It is therefore

**ORDERED** that, on or before **January 13, 2022**, Lowe's Home Centers, LLC shall show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.

DATED January 6, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge